IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SARAH ANNE CAVALLERO**                                                          **PLAINTIFF**

**v.**                                                          **Civil No. 1:25-cv-148-HSO-BWR**

**GOLDEN NUGGET CASINO –**                                                          **DEFENDANTS**
**BILOXI, et al.**

### ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT TRACY BOURGEOIS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

This matter comes before the Court on Plaintiff Sarah Anne Cavallero's ("Plaintiff") Response [13] to United State Magistrate Judge Bradley W. Rath's Order [12] Requiring Plaintiff to Respond.  The Court construes Plaintiff's Response [13] as a Motion [14] to Voluntarily Dismiss All Claims Against Defendant Tracy Bourgeois ("Defendant Bourgeois"), and directed the Clerk's Office to refile Plaintiff's Response [13] to reflect this.  *See* Text Only Ord. entered Sept. 12, 2025; Mot. [14].  The Court finds that the Motion [14] should be granted.

I. BACKGROUND

On May 23, 2025, Plaintiff Sarah Anne Cavallero filed her Complaint [1] alleging violations of: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 et seq.; (2) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12203(a)-(b), et seq.; (3) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), et seq.; and (4) the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff-2(b), et seq.  Compl. [1] at 3.  On June 2, 2025, the

Court granted Plaintiff's Motion [2] to proceed *in forma pauperis*, Ord. [3], and on June 26, it issued an Order [6] directing the United States Marshals Service to serve Summonses on Defendants. However, on July 25, 2025, the Summons for Defendant Bourgeois was returned unexecuted. Summons [11]. On August 28, 2025, the Magistrate entered an Order [12] directing Plaintiff to respond and "either (1) provide a current address for Tracy Bourgeois, or (2) if unsuccessful in obtaining this information, explain why, or (3) voluntarily dismiss Tracy Bourgeois as a Defendant." Ord. [12] at 1.

On September 5, 2025, Plaintiff filed a Response [13] to the Magistrate Judge's Order [12]. Plaintiff asks the Court to "[p]lease remove Trace [sic] Bourgeois . . . from the list of defendants." Resp. [13] at 1.

## II.  DISCUSSION

A.  Legal Standard

Voluntary dismissals by court order are governed by Federal Rule of Civil Procedure 41(a)(2), which states, in pertinent part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "[V]oluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 289 F.3d 314, 317 (5th Cir. 2002). If granting such a motion will not cause the non-movant to suffer plain legal

prejudice, then the motion should "generally" be granted "absent some evidence of abuse by the movant." *Id.*

B.  Analysis

Both parties wish to have Defendant Bourgeois dismissed from the case. *See* Answer [9] at 1, n.1; Resp. [13] at 1. Accordingly, the Court finds that the remaining Defendants will not suffer plain legal prejudice and there is no evidence of abuse by Plaintiff. Therefore, all claims against Defendant Bourgeois should be dismissed without prejudice.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, all claims against **DEFENDANT TRACY BOURGEOIS** are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 15th day of September, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE